Greg J. Trangmoe, Esq.
MT Attorney Number: 33837767
Law Offices of Robert S. Gitmeid & Assoc., PLLC
11 Broadway, Suite 1677
New York, NY 10004
Tel:  (773) 869-5400
Fax: (773) 584-0907
Greg.T@gitmeidlaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA

| | |
|---|---|
| Cydnie Perkio,<br><br>               Plaintiff,<br><br>vs.<br><br><br><br>Comenity Bank, Trans Union LLC and Equifax, Information Services, LLC,<br><br>               Defendant(s). | Civil Action No. _CV-17-58-BU-Bmm_<br><br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff, Cydnie Perkio (hereinafter "Plaintiff"), by and through her attorneys, the Law Offices of Robert S. Gitmeid & Assoc., PLLC, by way of Complaint against Defendants, Comenity Bank ("Comenity"), Trans Union LLC ("Transunion") and Equifax Information Services, LLC ("Equifax") alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et

1

seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information to falsely and inaccurately report consumers' credit information to credit reporting agencies.

## PARTIES

2. Plaintiff, Cydnie Perkio, is an adult citizen of the state of Montana domiciled in Butte, MT.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant Comenity is a corporation business entity organized and existing under the laws of Delaware that furnishes consumer credit information to consumer reporting agencies. It has a principal place of business located at One Righter Parkway, Suite 100, Wilmington, DE 19803.

5. Defendant Transunion is a limited liability company organized and existing under the laws of Delaware that engages in the business of maintaining and reporting consumer credit information. It has a principal place of business located at 555 W. Adams, Chicago, IL 60661.

6. Defendant Equifax, Information Services, LLC is a business entity that engages in the business of maintaining and reporting consumer credit information. It has a principal place of business located at 1550 Peachtree St., Atlanta, GA 30309.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

## JURISDICTION AND VENUE

2

8. This Court has jurisdiction over Defendants because Defendants are either domiciled in Montana and/or continuously do business in Montana.

9. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action are defined by 15 U.S.C. § 1681 and pursuant to 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States district court, without regard to the amount in controversy.

10. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Montana.

## FACTUAL ALLEGATIONS

11. Defendant Comenity issued a credit card account ending in 9611 to Plaintiff; the account was routinely reported on Plaintiff's consumer credit report.

12. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA. On or about July 20, 2015, Plaintiff and Comenity, entered into a settlement agreement for the above referenced account. A copy of the settlement agreement is attached as Exhibit A.

13. Pursuant to the terms of the settlement, Plaintiff was required to make two (2) monthly payments totaling \$533.03 to settle and close her Comenity account.

14. Plaintiff, via her debt settlement provider, timely made each settlement payment. Proofs of these payments are attached herein as Exhibit B.

15. However, Plaintiff's Comenity account continues to be negatively reported.

16. In particular, on a requested credit report dated June 28, 2017, Plaintiff's Comenity account was reported with a status of "CHARGE OFF," a balance of \$510.00 and a past due balance of \$510.00. The relevant portion of Plaintiff's credit report is attached herein as Exhibit C.

17. This trade line was inaccurately reported. As evidenced by the settlement agreement and proof of payment, the account was settled with a \$0 balance and must be reported as such.

18. Plaintiff notified Defendants directly of a dispute on the Comenity account's completeness and/or accuracy. This letter and the certified mail receipt is attached herein as Exhibit D.

19. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by Comenity to the Consumer Reporting Agencies, Transunion and Equifax, via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

20. After the 30-day statutory time period to correct the error expired, Plaintiff requested an updated credit report from each Defendant credit reporting agency. The trade line for the Comenity account in question remained the same on each of the Plaintiff's credit reports as it was reported on the June 2017

credit report, as Defendants failed to correct the inaccuracy. These updated credit reports are attached herein as Exhibit E.

21. Trans Union and Equifax did not notify Comenity of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify Comenity and Comenity failed to properly investigate and delete the trade line or properly update the trade line on Plaintiff's credit reports.

22. If Comenity did perform a reasonable investigation of Plaintiff's dispute, Plaintiff's Comenity account would be updated to reflect a settled status with a $0 balance.

23. Comenity has promised through its subscriber agreements or contracts to accurately update accounts but Comenity has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

24. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began.

25. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and

5

course of their employment, and under the direct supervision and control of the Defendants herein.

26. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## CLAIM FOR RELIEF

27. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

28. Transunion and Equifax are "consumer reporting agenc[ies]," as codified at 15 U.S.C. § 1681a(e).

29. Comenity is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

30. Comenity is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

31. Plaintiff notified Defendants directly of a dispute on the account's completeness and/or accuracy, as reported.

32. Comenity failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff and the credit bureaus within the 30 day statutory period as required by 15 U.S.C. § 1681s-2(b).

6

33. Comenity failed to update Plaintiff's credit report and/or notify the credit bureaus that the Comenity account in question was disputed in violation of 15 U.S.C. § 1681s-2(b).

34. Comenity failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

35. Transunion and Equifax failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes as required by 15 U.S.C. § 1681i(a).

36. Transunion and Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

37. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following forms: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, denial of car loan, rejection of credit card application, embarrassment caused by the necessity of obtaining a co-signer on a loan, higher interest rates on loans that would otherwise be affordable and other damages that may be ascertained at a later date.

38. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment in the sum of $55,000.00 be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

Respectfully Submitted,

_/s/ Greg J. Trangmoe__
Attorney for Plaintiff